**IN THE UNITED STATES BANKRUPTCY COURT FOR THE**
**SOUTHERN DISTRICT OF MISSISSIPPI**

| | |
|---|---|
| IN RE: | CHAPTER 7 |
| **MATTHEW ALEX BATAILLE** | CASE NO. 0902101EE |

**RUBY POPE**

VS.                                                    **ADVERSARY NO. 0900088EE**

**MATTHEW ALEX BATAILLE**

| | |
|---|---|
| Hon. Cassidy Lee Anderson<br>George W. Healy IV & Associates<br>1323 28th Ave. Ste A<br>Gulfport, MS 39501 | Attorney for Ruby Pope |
| Hon. Blewett William Thomas<br>Thomas Law Firm<br>P. O. Box 7706<br>Gulfport, MS 39506 | Attorney for Debtor |

Edward Ellington, Judge

**OPINION ON THE *DEBTOR'S MOTION*
*TO DISMISS ADVERSARIAL PROCEEDING***

**THIS MATTER** came before the Court on the *Debtor's Motion to Dismiss Adversarial Proceeding* (#27). Having considered same, the Court finds that the motion to dismiss should be granted and the adversary dismissed with prejudice.

**DISCUSSION**

**I.**

This Court has jurisdiction of the subject matter and of the parties to this proceeding pursuant

to 28 U.S.C. § 1334 and 28 U.S.C. § 157. This is a core proceeding as defined in 28 U.S.C. § 157(b)(1) and (2)(I).

## II.

Matthew Alex Bataille (Debtor) filed a petition for relief under Chapter 7 of the United States Bankruptcy Code on June 17, 2009. On July 30, 2009, the above-styled adversary proceeding was commenced by the filing of the *Complaint to Determine Dischargeability* by Ruby Pope (Pope). Among several other grounds, Pope sought to have a judgment of nondischargeability entered against the Debtor pursuant to 11 U.S.C. § 523(a)(2)(A)[1] and/or § 523(a)(7). On September 1, 2009, the Debtor filed his *Debtor's Response to Complaint to Determine Dischargeability*.

On September 24, 2009, the Court held a Status Conference in the above-styled adversary proceeding. Subsequently, the Court entered an *Agreed Order* (#14) holding the adversary in abeyance pending the resolution of the lawsuit filed by Pope in the Circuit Court of Hinds County, Mississippi (Civil Action No. 251-06-833) (Hinds County Action). The order also lifted the automatic stay to allow the parties to go back to state court and to litigate the Hinds County Action through entry of a final judgment or order.

On May 24, 2011, the Court received *Debtor's Status Report* (Status Report) from the Debtor's attorney, Blewett W. Thomas. In the Status Report, Mr. Thomas stated that on May 12, 2011, the judge in the Hinds County Action signed an agreed order allowing Pope's attorney, Cassidy L. Anderson, to withdraw as counsel for Pope. Mr. Thomas further stated that based on conversations he had had with Mr. Anderson, Pope had been attempting to find an attorney to

---

[1] Hereinafter, all code sections refer to the Bankruptcy Code found at Title 11 of the United States Code unless specifically noted otherwise.

represent her since December of 2010. Mr. Thomas then stated that he had not been contacted by anyone with regard to representing Pope in the Hinds County Action.

On January 11, 2012, the Debtor filed his *Debtor's Motion to Dismiss Adversarial Proceeding* (Motion). In his Motion, the Debtor states that Pope had not obtained new counsel in the Hinds County Action, and that "it objectively appears that Ruby Pope has not been able to obtain substitute counsel in the adversarial proceedings and that she has in effect abandoned her claims against the Debtor." *Debtor's Motion to Dismiss Adversarial Proceeding*, (Dkt. #27), p. 2, January 11, 2012. The Debtor then requests that the Court dismiss the above-styled adversary proceeding with prejudice.

On January 12, 2012, the Court sent to the parties a *Notice Regarding Motion to Dismiss*[2] (Notice). While an order was entered allowing Mr. Anderson to withdraw from the Hinds County Action, no such order has been entered in this adversary proceeding. Consequently, Mr. Anderson is still the attorney of record for Pope in this adversary proceeding. Therefore, the Court mailed the Notice to: Mr. Anderson, Ruby Pope, Mr. Thomas, the case trustee and the United States Trustee's Office. In the Notice, the parties were informed that the Motion had been filed and directed their attention to Miss. Bankr. L. R.[3] 7012-1 and 7056-1.

Pursuant to Federal Rule of Bankruptcy Procedure 7012(d),[4] a motion to dismiss "must be

---

[2] The Court routinely sends this notice to the parties when a motion for summary judgment or a motion to dismiss is filed.

[3] Hereinafter referred to as Local Rule.

[4] Federal Rule of Civil Procedure 12 is made applicable to bankruptcy proceedings pursuant to Federal Rule of Bankruptcy Procedure 7012(b). For purposes of this opinion, the Court will refer to the rule as Rule 12.

treated as one for summary judgment under Rule 56."[5] Therefore, Local Rule 7012-1 provides that "[t]he procedures set forth in Miss. Bankr. L. R. 7056-1 for filing or responding to a motion for summary judgment shall also be applicable to a motion to dismiss."[6]

Under Local Rule 7056-1(3)(B), the respondent has 21 days from the date of service of the motion to file a response. The 21 days to respond ran on Wednesday, February 1, 2012. No response was filed during this 21 day period nor has a response been filed since February 1, 2012. Considering same, the Court finds that the Motion is well taken and that the above-styled adversary proceeding should be dismissed with prejudice.

A separate judgment consistent with this opinion will be entered in accordance with Rules 7054 and 9021 of the Federal Rules of Bankruptcy Procedure.

*(signature)*
Edward Ellington
United States Bankruptcy Judge
Dated: February 16, 2012

---

[5] Federal Rule of Civil Procedure 56 is made applicable to bankruptcy proceedings pursuant to Federal Rule of Bankruptcy Procedure 7056.

[6] Miss. Bankr. L. R. 7012-1.